UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND CASTRO,

               Plaintiff,

       -against-

LOWE'S HOME IMPROVEMENT; EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

               Defendants.

25-CV-5799 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against his former employer, Lowe's Home Improvement ("Lowe's"), and the U.S. Equal Employment Opportunity Commission ("EEOC"). He alleges that Lowe's "subject[ed] Plaintiff to a hostile work environment, retaliation, and unsafe work conditions, and [that] the EEOC . . . fail[ed] to issue a Right to Sue letter and refus[ed] to review critical evidence submitted by Plaintiff." (ECF 1 ¶.) The Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), but for the reasons set forth below, the Court dismisses the action, with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] During Plaintiff's employment at Lowe's, he "was subjected to severe and pervasive harassment, bullying, and retaliation by supervisors and management."[2] (ECF 1 ¶ 3.) Plaintiff "report[ed] the misconduct to Lowe's Human Resources," and as a result, "he was falsely accused and threatened." (*Id.* ¶ 4.) While working, "Plaintiff was forced to operate power tools and cut wood without training, placing him in direct danger and violating basic safety practices." (*Id.* ¶ 5.) He "received a Lowe's Safety Award for his outstanding customer service and adherence to safety, showing his dedication and performance." (*Id.* ¶ 6.)

At some point, Plaintiff filed a complaint with the EEOC.[3]

During the EEOC investigation, Plaintiff recorded video and audio evidence of an interview with the EEOC Director of Operations and the supervising officer assigned to his case. These recordings reveal that both individuals engaged in unprofessional conduct, dismissing Plaintiff's submitted evidence without proper consideration and exhibiting bias that prejudiced the handling of his complaint. This mistreatment contributed to the EEOC's failure to issue a Right to Sue letter and denied Plaintiff fair due process.

(*Id.* ¶ 8.)

Plaintiff asserts retaliation  claims against Lowe's, and due process claims against the EEOC. He primarily seeks money damages, reinstatement, and the issuance of a right-to-sue letter by the EEOC.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff does not state when he was employed at Lowe's.

[3] Plaintiff does not state when he filed his complaint with the EEOC.

2

**DISCUSSION**

**A.    Equal Employment Opportunity Commission**

**1.    Money Damages**

Plaintiff cannot bring claims against the EEOC because it is immune from liability. Under the doctrine of sovereign immunity, federal agencies are immune from suit. This doctrine bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Where a Plaintiff brings an employment discrimination action against his employer, "Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge." *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997). Indeed, [c]ourts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." *McKoy v. Potter*, No. 08-CV-9428 (PKC) (RLE), 2009 WL 1110692, at * 5 (S.D.N.Y. Apr. 21, 2009) (collecting cases).

Plaintiff brings this action against the EEOC based on its investigation of Plaintiff's complaint and seeks money damages. Because Plaintiff cannot sue the EEOC for damages, the Court dismisses the action because Plaintiff seeks relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

3

### 2.    Mandamus Relief

Because Plaintiff requests that this Court order the EEOC to issue a right-to-sue letter, the Court construes this action as seeking mandamus relief.

The federal district courts have jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361. A writ of mandamus is, however, a drastic remedy that should be used only in extraordinary circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).

To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to the issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (*per curiam*) (internal quotation marks and citation omitted); *see also Cheney*, 542 U.S. at 381 ("[T]he petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable.") (internal quotation marks and citation omitted). Accordingly, "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Where an employee files a charge with the EEOC, the EEOC is required either to (1) bring a federal civil action against an employer or, if not filing a civil action, (2) issue a notice of the employee's right to sue the employer within 180 days after a charge is filed, 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff alleges that he filed a charge with the EEOC, but the EEOC never issued a notice of his right to sue Lowe's. Plaintiff does not provide, however, any facts regarding the procedural history of any EEOC proceedings, including the date he filed his charge. Because the

Court cannot conclude that Plaintiff is entitled to a notice that he may sue Lowe's, he fails to show that his right to a right-to-sue letter is clear and indisputable. *See Hollingsworth*, 558 U.S. at 190. Plaintiff therefore cannot state a claim showing that he is entitled to mandamus relief, and the Court dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to file an amended complaint showing that he is entitled to mandamus relief against the EEOC regarding the issuance of a right-to-sue letter.

**B.      Lowe's**

The Court dismisses Plaintiff's claims against Lowe's because he does not allege that Lowe's violated a federal statute.

### 1.      Workplace conditions

To the extent Plaintiff seeks to assert a claim regarding his workplace conditions under the Occupational Safety Hazards Act ("OSHA"), 29 U.S.C. § 654, such a claim cannot proceed because OSHA does not create a private cause of action. *See Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action."); *Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115-16 (S.D.N.Y. 2022) (same). The Court therefore dismisses any workplace conditions claim Plaintiff may be attempting to assert under federal law.

### 2.      Antidiscrimination statutes

To the extent Plaintiff seeks to assert a claim under a federal antidiscrimination statute, the Court dismisses such a claim because Plaintiff does not allege that Lowe's discriminated or retaliated against him.

Federal law contains various employment discrimination statues, such as Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, religion, sex, and national origin; the Americans with Disabilities Act of 1990, which prohibits discrimination

based on disability; and the Age Discrimination in Employment Act of 1967, which prohibits discrimination on the basis of age. These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 187 (2d Cir. 2025) ("[T]he plaintiff must establish that the hostile work environment was due to her protected characteristic.").

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff does not indicate the statutory basis of his claims, and he does not state the protected characteristic that forms the basis of any alleged discrimination. Moreover, Plaintiff's allegations contain no indication that he was discriminated against based on a characteristic protected by one of the federal employment discrimination statutes. Because Plaintiff has not alleged facts suggesting that a protected characteristic was a motivating factor in any adverse

employment decision, the Court dismisses the federal claims against Lowe's for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint alleging that Lowe's discriminated against him based on a protected characteristic.

## CLAIMS UNDER STATE LAW

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal employment discrimination claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court directs the Clerk of Court to hold this matter open on the docket until further notice from the Court.

SO ORDERED.

Dated:    March 11, 2026
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

8